The opinion of the court was delivered by
Marr, J.
Newman Brothers obtained a judgment in the párisht court, against Mrs. Jane O. Cuney, for $398 73, with eight per cent interest from the- third of January, 1869, which they caused to be recorded as a judicial mortgage. They afterward brought an hypothecary action, in the same court, against Stephen E. Cuney, to whom their judgment debtor had sold certain lands after the recording of the judgment; and obtained judgment, on the twenty-sixth April, 1875, for the $398 73, with interest and costs, which was made executory and ordered tó be enforced on the property standing in the name of Stephen E. Cuney, described in the judgment.
Prom this judgment Cuney appealed to the district cqurt. He amended his pleading, and obtained a judgment annulling the judgment of the parish court, on the ground of want of jurisdiction. From this judgment Newman Brothers have appealed to this court; and Cuney moves to dismiss, on the ground that the judgment of the district court, on an appeal from the parish court, is final; and that this court is without jurisdiction.
*1202 The judgment of the parish court for $398 73, with eight per cent interest from January 3,1869, was for an amount largely in excess of $500. According to article seventy-four of the Constitution, the jurisdiction of the Supreme Court “shall extend to all cases where the matter in dispute shall exceed five hundred dollars.” The matter in dispute in ■the parish court and in tne district court exceeded five hundred dollars; and this court has jurisdiction, by the express terms of article seventy-four of the Constitution.
By article 85 of the Constitution, the district courts have original jurisdiction in all civil cases where the amount in dispute exceeds five hundred dollars, “ exclusive of interest;” and by article 87 the jDarish courts have exclusive original jurisdiction in ordinary suits, in all cases where the amount in dispute exceeds one hundred dollars, and does not exceed five hundred dollars. If these articles are taken literally there is no court in the State which could take jurisdiction of a case in which the capital sum, the amount of the debt, is five hundred dollars, if any interest whatever be due on it. The district courts can not take jurisdiction, because the capital sum due must exceed $500, exclusive of interest;” and the parish courts can not take jurisdiction, because the limit is “when the amount in dispute does not exceed five hundred dollars; that is, the amount in dispute, principal and interest, must not exceed $500.
We had occasion to consider this subject fully in Decklar vs. Frankenberger, 30 An. 410; and our conclusion was that the words exclusive of interest must be supplied, with respect to the jurisdiction of the parish courts, so as to make the clause of article 87 in question read thus : “ They shall have exclusive original jurisdiction in ordinary suits, in all cases where the amount in dispute exceeds one hundred dollars, and does not exceed five hundred dollars, exclusive of interest; subject to an appeal to the district court in all cases when the amount in contestation exceeds one hundred dollars, exclusive of interest.”
The plain meaning of the articles eighty-five and eighty-seven is that the district courts have original jurisdiction when the capital sum, the amount in dispute, exceeds five hundred dollars, exclusive of interest; that the parish courts have exclusive original jurisdiction in all ordinary suits when the capital sum, the amount in dispute, does not exceed five hundred dollars, exclusive of interest; and that the district courts have appellate jurisdiction in all the ordinary suits falling within the jurisdiction of the parish courts, “ when the amount in contestation exceeds one hundred dollars, exclusive of interest.”
We have in this case all the elements of jurisdiction in the three courts. The capital sum is less than $500 : and therefore it falls within the exclusive original jurisdiction of the parish court. It falls within *1203 'the appellate jurisdiction of the district court, because the amount in dispute exceeds $100, exclusive of interest; and it is subject to the jurisdiction of this court because the amount in dispute, principal and interest, exceeds $500.
The judge of the district court erred in deciding that the parish ■court was without jurisdiction. We have no authority, on this appeal, to deal directly with the judgment of the parish court; but we have revisory power over the judgment of the district court.
It is therefore ordered, adjudged, and decreed that the judgment of ■the district court, appealed from, be annulled, avoided, and reversed; that this cause be remanded to the district court, with instructions to that court to proceed to hear and determine the appeal herein taken from the parish court to the district court, according to law, and the principles herein announced; and that the appellee, Stephen E. Cuney, pay the costs of this appeal;